## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| CARY ELLIS  MALONE | CIVIL ACTION NO. 3:14-cv-0791 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| JAY RUSSELL, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Cary Ellis Malone, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 9, 2014.  Plaintiff is a pre-trial detainee in the custody of the Sheriff of Ouachita Parish. He is awaiting trial on drug related charges pending in the Fourth Judicial District Court. [See *Malone v. Ouachita Parish Corrections Center*, Civil Action No. 3:14-cv-0791] He claims that the defendants, Ouachita Parish Sheriff Jay Russell, District Attorney Jerry Jones, and "Monroe Police Associate" L'Tonya Scott conspired to deprive him of his residence, its furnishings, and his 2002 Chevrolet Silverado pick up truck by charging him with domestic battery, a charge which was later dismissed.  He asks the Court to "make a record of factual evidence in the court, assign Justice Department to investigate the unlawful practice of public officers unlawful and corruption, other as this court deems just equitable and proper."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

Plaintiff claims that on June 13, 2013, District Attorney Jones and Sheriff Russell employed L'Tonya Scott, "... a Monroe, La police associate..." to deprive plaintiff of his home located at 3905 Elm Street, Monroe, its furnishings and his motor vehicle all valued at $100,000. According to plaintiff, "they agreed to deprive me of these articles by having Scott charge me with a criminal offense Domestic Battery." He claimed that the charge was later dismissed.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his  complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

2

### 2. Parratt/Hudson Doctrine

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983.

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law."  U.S. Constitution, Amendment XIV.  However, the jurisprudence makes it abundantly clear that a civil rights plaintiff's claim for random deprivation of personal property is not cognizable under §1983.

In *Parratt v. Taylor*, 451 U.S. 527, 544, 107 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law.  The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.,* 451 U.S. at 536-37, 101 S.Ct. at 1913.

Even in instances where intentional deprivation occurs, as is the case alleged herein, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated.  *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994).  This principle (known as the *Parratt/Hudson* doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible.

3

*Davis v. Bayless*, 70 F.3d 367, at 375 (5th Cir. 1995), citing, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

In this case, plaintiff's allegations (although bordering on the delusional), demonstrate that an intentional, random, and unauthorized deprivation occurred when plaintiff's home, its furnishings, and his motor vehicle were seized and forfeited by public officials in conjunction with their arrest and prosecution of the plaintiff for domestic battery.  Louisiana law does not authorize the seizure and forfeiture of personal property seized in conjunction with a domestic battery prosecution. Therefore, the conduct alleged is clearly random and unauthorized.

If adequate state law remedies are available, no further due process is required under the Constitution.  Louisiana law provides plaintiff the opportunity to seek redress for either the negligence or the intentional torts committed by these public officials.  See, La. Civil Code, Article 2315. This provision of state law which is the general tort provision of Louisiana's Civil Code provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992).

A liberal construction of plaintiff's complaint fails to support a constitutional violation; plaintiff's claim is clearly barred by the *Parratt/Hudson* doctrine.  Therefore, plaintiff's claim is frivolous.

### 3. Criminal Prosecution of the Defendants

Plaintiff has not demanded money damages as compensation for his alleged loss; nor has

4

he requested the return of his property.  Instead, plaintiff demands that the defendants be investigated by the Department of Justice. There is no constitutional right to have another person criminally investigated or prosecuted. See *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys. The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. See La. C.Cr.P. arts. 61 and 62. To the extent that plaintiff demands that the defendants be investigated or prosecuted, his claim is frivolous.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, April 30, 2014.

_____

**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**